## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SAMUEL ARGUETA,<br><br>          Plaintiff,<br>    v.<br><br>UNITED STATES, et al.,<br><br>          Defendants. | CIVIL ACTION NO. 3:22-CV-00758<br><br><br>(MEHALCHICK, M.J.) |

### MEMORANDUM

Presently before the Court is a motion to amend and a motion to appoint counsel filed by *pro se* Plaintiff Samuel Argueta ("Argueta"), a prisoner incarcerated in the United States Penitentiary at Lewisburg, Pennsylvania ("USP-Lewisburg"). (Doc. 16; Doc. 17). On May 23, 2022, this civil rights action was initiated pursuant to 42 U.S.C. § 1983, *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388 (1971), and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346, by the filing of a complaint in the related action, *Bran v. United States*, on behalf a purported class of prisoners. (Doc. 1). The complaint named Defendants the United States, the Federal Bureau of Prisons, J. Meyers, the National Gang Unit Agency, and S.I.S. (collectively, "Defendants"). (Doc. 1). On June 10, 2022, Argueta elected to proceed with this civil rights action by filing a motion for leave to proceed *in forma pauperis*. (Doc. 4).

For the following reasons, the motion to amend will be deemed withdrawn and the motion to appoint counsel will be denied. (Doc. 16; Doc. 17).

I. **DISCUSSION**

    A. **MOTION TO AMEND**

Argueta's motion to amend does not comply with Local Rules 7.5, 7.8, or 15.1, as it does not contain, among other requirements, a supporting brief and a proposed amended complaint. (Doc. 16). In relevant part, Middle District Local Rule requires, in relevant part, as follows:

> Within fourteen (14) days after the filing of any motion, the party filing the motion shall file a brief in support of the motion . . . . If a supporting brief is not filed within the time provided in this rule the motion shall be deemed to be withdrawn. A brief shall not be required: a) In support of a motion for enlargement of time if the reasons for the request are fully stated in the motion, (b) In support of any motion which has concurrence of all parties, and the reasons for the motion and the relief sought are fully stated therein, or (c) In support of a motion for appointment of counsel.

M.D. L.R. 7.5.

Local Rule 7.8 subsequently provides that supporting briefs "shall contain complete citations of all authorities relied upon," and that "[t]he brief of the moving party shall contain a procedural history of the case, a statement of facts, a statement of questions involved, and argument." M.D. L.R. 7.8. Local Rule 15.1 provides as follows:

(a) Proposed amendment to accompany the motion.

When a party files a motion requesting leave to file an amended pleading, the proposed amended pleading must be retyped or reprinted so that it will be complete in itself including exhibits and shall be filed on paper as a separate document or, in the Electronic Filing System, as an attachment to the motion. If the motion is granted, the clerk shall forthwith file the amended pleading. Unless otherwise ordered, an amended pleading that does not add a new defendant shall be deemed to have been served for the purpose of determining the time for response under Fed. R. Civ. P. 15(a), on the date the court grants leave for its filing. A party granted leave to amend its pleading, when the amended pleading would add a new defendant, shall file and effect service of the amended pleading within thirty (30) days after the date of the Order granting leave for its filing.

(b) Highlighting of amendments.

The party filing the motion requesting leave to file an amended pleading shall provide: (1) the proposed amended pleading as set forth in subsection (a) of this

rule, and (2) a copy of the original pleading in which stricken material has been lined through and any new material has been inserted and underlined or set forth in bold-faced type.

M.D. L.R. 15.1.

Compliance with Local Rule 15.1 and the submission of a proposed amended complaint is essential to any informed consideration of a motion to amend a complaint. "The Court cannot determine whether amendment would be futile in this case unless the plaintiffs follow Local Rule 15.1," and provide the proposed amended complaint for the Court's review. *Williams v. City of Scranton*, No. 3:10-CV-388, 2011 WL 1257942, at *3 (M.D. Pa. Mar. 30, 2011). Therefore, when a plaintiff has moved to amend their complaint, without complying with Local Rule 15.1 and providing the court with a copy of the actual proposed amended complaint, the Court's practice has been to deny the motion and order compliance with the Local Rules. *See e.g.*, *Glunk v. Pennsylvania State Bd. of Med.*, No. 1:14-CV-659, 2015 WL 999135, at *1 (M.D. Pa. Mar. 5, 2015); *Ulrich v. Corbett*, No. 1:14-CV-0919, 2014 WL 3339566, at *1 (M.D. Pa. July 8, 2014); *Braddy Robinson v. Hilton Scranton Hotel & Conference Ctr.*, No. CIV.A. 3:08-CV-0286, 2008 WL 4425281, at *1 (M.D. Pa. Sept. 24, 2008); *Day v. Hilton Scranton Hotel & Conference Ctr.*, No. CIV.A. 3:08-CV-0288, 2008 WL 4425283, at *1 (M.D. Pa. Sept. 24, 2008). This practice, in turn, has been expressly endorsed by the Court of Appeals for the Third Circuit, which has observed that "the District Court's determination to deny leave to amend for an abuse of discretion. *See Lake v. Arnold*, 232 F.3d 360, 373 (3d Cir. 2000). The Third Circuit concluded that "[f]ailure to supply a draft amended complaint is an adequate basis for denying leave to amend." *Brooks-McCollum v. Emerald Ridge Serv. Corp.*, 563 F. App'x 144, 147-48 (3d Cir.), *cert. denied*, 135 S. Ct. 143 (2014).

Argueta was provided a copy of these Local Rules at the onset of this case. (Doc. 2-2).

- 3 -

Nevertheless, Argueta has not complied with Local Rules 7.5, 7.8 and 15.1 because he has not filed briefs in support of his motion amend, nor has he submitted a proposed completed amended pleading containing all of his present claims, including those against named Defendants and any newly identified Defendants. (Doc. 16). "The Court is aware that *pro se* filers are held to a lesser standard than counseled parties, but even *pro se* litigants must substantially comply with the Local Rules of Court and must provide arguments with supporting legal authority." *See Cooper v. Wetzel*, No. 4:21-CV-01793, 2022 WL 17084139, at *2 (M.D. Pa. Nov. 18, 2022).

Accordingly, as Argueta's motion to amend is deemed withdrawn. (Doc. 16); *see* M.D. L.R. 7.5. Should Argueta choose to file a renewed motion to amend, he is advised that he should comply with the requirements of this rule. The proposed amended complaint must be complete in all respects. It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed. *See Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992). The proposed amended complaint must recite factual allegations which are sufficient to raise Argueta's claimed right to relief beyond the level of mere speculation, contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), set forth in averments that are "concise, and direct," Fed. R. Civ. P. 8(e)(1), and stated in separately numbered paragraphs describing the date and time of the events alleged, and identifying wherever possible the participants in the acts about which Argueta complains. Further, the claims set forth in the complaint should arise out of the same transaction, occurrence, or series of transactions or occurrences, and they should contain a question of law or fact common to all Defendants. Finally, the Court places Argueta on notice that failure to comply with this direction may result in the dismissal of this action

pursuant to Rule 41 of the Federal Rules of Civil Procedure.

B.  MOTION TO APPOINT COUNSEL

Although prisoners have no constitutional or statutory right to appointment of counsel in a civil case, the Court has the discretion to request "an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1); *see Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997); *see also Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). Under § 1915(e)(1), the "court may request an attorney to represent any person unable to employ counsel." The district court's appointment of counsel is discretionary and must be made on a case-by-case basis. *Tabron*, 6 F.3d at 157-58.

Appointment of counsel for an indigent litigant should be made when circumstances indicate "the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984). The initial determination to be made by the court in evaluating the expenditure of the "precious commodity" of volunteer counsel is whether the plaintiff's case has some arguable merit in fact and law. *Montgomery*, 294 F.3d at 499. If a plaintiff overcomes this threshold hurdle, other factors to be examined are:

> (1) the plaintiff's ability to present his or her own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of the claimant to pursue investigation; (4) the plaintiff's capacity to retain counsel on his or her own behalf; (5) the extent to which the case is likely to turn on credibility determinations; and (6) whether the case will require testimony from expert witnesses.

*Montgomery*, 294 F.3d at 499 (citing *Tabron*, 6 F.3d at 155-57).

Additionally, another practical consideration must be taken into account when considering a motion for appointment of counsel. As the Third Circuit has observed:

> [W]e must take note of the significant practical restraints on the district courts'
> ability to appoint counsel: the ever-growing number of prisoner civil rights
> actions filed each year in the federal courts; the lack of funding to pay appointed
> counsel; and the limited supply of competent lawyers who are willing to
> undertake such representation without compensation. We have no doubt that
> there are many cases in which district courts seek to appoint counsel but there
> is simply none willing to accept appointment. It is difficult to fault a district
> court that denies a request for appointment under such circumstances.

*Tabron*, 6 F.3d at 157.

Here, Argueta asserts that appointment of counsel is necessary because: (1) he is unable to afford counsel; (2) his imprisonment will greatly limit his ability to litigate as the issues involved in this case are complex and will require significant research and investigation; and (4) counsel will better enable him to present the facts and claims of this civil action. (Doc. 17, at 4). On the record presently before the Court, application of the *Tabron* factors weighs in favor of denying Argueta's application for appointment of counsel at this time.

In evaluating this first factor, courts should consider "the plaintiff's education, literacy, prior work experience, and prior litigation experience . . . plaintiff's ability to understand English . . . or, if the plaintiff is a prisoner, the restraints placed upon him or her by confinement." *Tabron*, 6 F.3d at 156. Argueta has thus far demonstrated an ability to adequately litigate this case, as he filed the motion for leave to proceed *in forma pauperis*, the motions to appoint counsel, and the motions to amend. (Doc. 4; Doc. 6; Doc. 7; Doc. 16; Doc. 17); *see Montgomery*, 294 F.3d at 499. Argueta "has shown he sufficiently understands court procedure" and has the apparent ability to comprehend the legal issues and litigate this action thus far. *Daughtry v. Kauffman, et al.*, No. 3:17-CV-0442, 2019 WL 118600, at *4 (M.D. PA. Jan. 7, 2019). However, the fourth *Tabron* factor, Argueta's ability to retain counsel on his own, also weighs in favor of granting the motion because Argueta's *in forma pauperis* status demonstrates that his is unable to afford an attorney. (Doc. 4); *see Tabron,* 6 F.3d at 156.

The remaining *Tabron* factors weigh against appointing counsel. There is no indication that Argueta is unable to present his case and the legal issues do not appear to be particularly difficult or complex. (Doc. 1). Because "most of" the *Tabron* factors have not been met at this time, coupled with this Court's duty to construe *pro se* pleadings liberally, Argueta's claims weigh against the appointment of counsel. *See Haines v. Kerner*, 404 U.S. 519 (1972); *see also Daughtry*, 2019 WL 118600, at *5 (citation omitted) (denied motion to appoint counsel where plaintiff successfully presented arguments, obtained relevant records to support his claims, and independently attempted to obtain counsel without success).

Accordingly, the motion to appoint counsel will be denied. (Doc. 17). In the event that future proceedings demonstrate the need for counsel, the matter may be reconsidered either *sua sponte* or upon motion of Argueta.

## II.   CONCLUSION

Based on the foregoing reasons, Argueta's motion to amend is deemed **WITHDRAWN**. (Doc. 16). In addition, Argueta's motion to appoint counsel is **DENIED** without prejudice. (Doc. 17).

An appropriate Order follows.

Dated: May 8, 2023                    *s/ Karoline Mehalchick*

                                      **KAROLINE MEHALCHICK**
                                      **Chief United States Magistrate Judge**